IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JODI RAE ENOS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. C06-0007-LRR<br>No. CR04-0078-LRR<br><br>ORDER |

      This matter comes before the court on Jodi Rae Enos' motion to vacate, set aside or correct her sentence (Docket No. 1). Jodi Rae Enos ("the movant") filed her motion pursuant to 28 U.S.C. § 2255.[1] For the following reasons, the movant's 28 U.S.C. § 2255 motion shall be denied.[2] In addition, a certificate of appealability shall be denied.

---

      [1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

      [2] No response from the government is required because the motion and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Similarly, an evidentiary hearing is not necessary. *See id*; *see also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of

(continued...)

## I. BACKGROUND

On September 22, 2004, the government filed a five-count superseding indictment. Of the five counts contained in the superseding indictment, only count five charged conduct against the movant. On November 12, 2004, the movant appeared before Chief Magistrate Judge John A. Jarvey for a change of plea hearing. At such hearing, the movant pleaded guilty to count five of the superseding indictment.[3] On November 16, 2004, Chief Magistrate Judge John A. Jarvey entered a report and recommendation that a United States District Court Judge accept the movant's plea of guilty. On December 1, 2004, the court entered an order adopting the report and recommendation pertaining to the movant's guilty plea. On December 8, 2004, the court entered an amended order adopting the report and recommendation pertaining to the movant's guilty plea. Such order clarified that the movant pleaded guilty to count five, rather than count one. On March 23, 2005, the court sentenced the movant to 70 months imprisonment and 4 years supervised release. On the same day, judgment entered against the movant. On April 1, 2005, the movant filed a notice of appeal. On January 9, 2006, the Eighth Circuit Court of Appeals affirmed the movant's conviction and resulting sentence. Before affirming, the Eighth Circuit Court of Appeals stated that the court sentenced the movant within the advisory Guidelines range and addressed the argument that the sentence imposed was unreasonable under the standard of review announced in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.

---

(...continued)
fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

[3] The conduct charged in count five of the superseding indictment is in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B), 21 U.S.C. § 846 and 18 U.S.C. § 2.

2d 621 (2005). Concerning the movant's argument, the Eighth Circuit Court of Appeals stated that a sentence within the advisory Guidelines range is presumptively reasonable and concluded that the movant did not satisfy her burden to rebut the presumption of reasonableness.

On January 10, 2006, the movant filed the instant motion. In her 28 U.S.C. § 2255 motion, the movant challenges her conviction and resulting sentence on Fifth Amendment and Sixth Amendment grounds. Specifically, the movant states:

> [I] was sentenced on March 23, 2005 under the post-*Booker*, advisory Guidelines scheme. However, because the decision in *Booker* caused so much confusion and conflict between the circuits, it is possible that this honorable court was not fully aware of the post-*Booker* sentencing regime. Almost one year has passed since the *Booker* decision was rendered and some district courts, as well as some circuit courts, are still perplexed as to just how much discretion is available to the sentencing judge. It is possible that this honorable court would have imposed a lesser sentence had it been given more time to digest the *Booker* decision, or been more comfortable with the new found authority to do what was originally intended (fashion sentences to fit each individual instead of meeting out generic sentences).

The movant also included a memorandum in support of her 28 U.S.C. § 2255 motion. As relief, the movant asks the court to reconsider her 70 month sentence and resentence her to 60 months imprisonment.

The court now turns to consider the movant's 28 U.S.C. § 2255 motion.

## II. ANALYSIS

### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief

3

pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, movants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A [movant] who has procedurally defaulted a claim by failing to raise it on direct review

4

may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)); *see also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [movant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [movant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a movant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24; *see also McNeal*, 249 F.3d at 749 ("[A movant] must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[4]

### B. The Movant's Claim

The movant's reliance on *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), is unavailing. As the movant correctly points out, the court sentenced her post-*Booker* and within the advisory Guidelines range. The Eighth Circuit Court of Appeals subsequently affirmed the sentence imposed by this court and addressed the movant's *Booker* concerns. Consequently, the court is unable to relitigate this issue.

---

[4] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1998); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

*See United States v. Wiley*, 245 F.3d 750, 751 (8th Cir. 2001) ("Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." (citing *United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000)); *Dall v. United States*, 957 F.2d 571, 572-73 (8th Cir. 1992) (concluding claims already addressed on direct appeal could not be raised); *United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987) (concluding movant "cannot raise the same issues [. . .] that have been decided on direct appeal or in a new trial motion"); *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981) ("It is well settled that claims which were raised and decided on direct appeal cannot be relitigated . . . ."); *Butler v. United States*, 340 F.2d 63, 64 (8th Cir. 1965) (concluding movant is not entitled to another review of his question). Moreover, the court may not modify a term of imprisonment once it is imposed except in limited circumstances. *See generally* 18 U.S.C. § 3582. Because the Eighth Circuit Court of Appeals already addressed the movant's claim on direct appeal and the court does not have the authority to modify the movant's sentence, the instant motion shall be denied.

### C. Certificate of Appealability

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000);

*Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds the movant failed to make the requisite "substantial showing" with respect to the claim she raised in her 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because she does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If she desires further review of her 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's 28 U.S.C. § 2255 motion (Docket No. 1) is DENIED.

2) A certificate of appealability is DENIED.

**DATED** this 23rd day of May, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA